UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
TRADE LINKS, LLC,                              :
:   3:19-cv-00308 (KAD)(SALM)
          Plaintiff,           :
:   JURY TRIAL DEMANDED
:
          v.                   :
:
BI-QEM SA DE CV and BI-QEM, INC.               :
:
          Defendants.          :
:
---------------------------------------------------------X   April 13, 2020

**MEMORANUM IN SUPPORT MOTION FOR LEAVE TO CONDUCT DEPOSITIONS
REMOTELY, STENOGRAPHICALLY AND BY AUDIOVISUAL MEANS**

Pursuant to FED. R. CIV. P. 30(b)(4), and in conjunction with FED. R. CIV. P. 45, undersigned counsel for Plaintiff Trade Links, LLC hereby submits the following Memorandum in Support of Motion For Leave to Conduct Depositions Remotely, Stenographically and By Audiovisual Means.

**PRELIMINARY STATEMENT**

At issue are four (4) depositions for the following individuals (the "Deponents"):

1. Heidi VonKale
   Location: Massachusetts
   Status: Employee of party-Defendant BI-QEM, Inc.

2. William Kuzmeski
   Location: Massachusetts
   Status: Former employee of BI-QEM, Inc. (non-party with knowledge)

3. Cynthia Fielding
   Location: Florida
   Status: Non-party with knowledge

    4. Brian Griffin
       Location:  Connecticut
       Status:  Non-party with knowledge

The conduct of the above-referenced Deponents will not exceed the limit of ten (10) depositions for the case.

Undersigned counsel has inquired of counsel representing Defendants who communicated the following, with Plaintiff's response thereto:

**Defendants:** have no objection to the proposed motion provided:

1. The depositions are not scheduled until the ban on working in New York City has been lifted;

2. The dates will be calendared to accommodate the calendars of counsel for the parties, the witnesses and their counsel (if any); and

3. Plaintiff consents to a two (2) month extension of deadlines;

    also noting that with respect to the circulation and exchange of exhibits, that exhibits be circulated in advance only to counsel of record and not the Deponents or their counsel.

**Plaintiff:** in reply:

1. Plaintiff makes the motion to address the current healthcare crisis, specifically employing the remote Zoom remote platform as is the platform under contract with this District to conduct the legal affairs of cases safely, efficiently and currently to avoid the delay of in-person contact.  Plaintiff is not in a position to agree to an entirely open-ended discovery schedule (or cessation of all scheduling) for a period that is unknown, but more important, *unnecessary* utilizing remote means and the Zoom platform interface already in place with the Court;

2. The accommodation on non-party witness scheduling is a priority under the federal Rules, which Plaintiff of course acknowledges. Equally important is the counterbalance of Federal Rule 1 for "the parties to secure the just, speedy and inexpensive determination of every action and proceeding;"

3. Plaintiff respectfully submits that a one (1) month [rather than two (2) month] extension of the remaining deadlines of the current scheduling order is more appropriate, on the anticipated accommodation that extensions, as may be further deemed fit by the Court to address circumstances as may arise later in time.  A one month extension permits discovery to close **June 29, 2020** and helps to prevent an extended period of unwanted dormancy and/or cessation of discovery in the case.

As to Defendants' request that deposition exhibits be circulated in advance to counsel – but not the Deponents – advance circulation needs to go both to counsel and Deponents (there is no other way of making an exhibit for witness review for questioning).  Plaintiff defers to the Court as to whether advance, pre-marked exhibit circulation should occur simultaneously or in staggered fashion (*i.e.,* first to counsel then to Deponents, including with respect to exhibits for cross-examination).

Within the context of the current Covid-19 pandemic, as well as practical efficiencies in moving discovery in this case to proper closure, Plaintiff hereby requests leave to conduct the depositions of the above-referenced Deponents remotely and by audiovisual means in addition to stenographic recording.

Pursuant to FED. R. CIV. P. 30(b)(a), a party may conduct the deposition of another party and, in conjunction with Rule 45, command the depositions of non-parties with knowledge relevant to the case.  Rule 30(b)(a) also permits recording by audiovisual means in addition to stenographic means, however, as detailed herein through suggested procedure, issues such as having a court reporter not in the same room as the Deponents does require leave of Court, though this is easily achievable under the current Standing Orders issued by this District and Executive Order of the Governor of the State of Connecticut relaxing protocols for the administration of oaths remotely.

Plaintiff proposes to utilize the Zoom audiovisual platform, as this is the service provider under contract with this District and the Connecticut Bar Association to conduct legal proceedings by remote means. *See, e.g.,* General Order dated March 29, 2020 (D. Conn); Executive Order 7Q of the Governor of the State of Connecticut dated March 25, 2020.

Accordingly, Plaintiff respectfully seeks leave for this Court to Order protocols proposed (or as otherwise deemed fit by the Court) as follows:

1. with respect to Ms. VonKale, that service of a Rule 45 Subpoena with notice of deposition be deemed served sufficiently and appropriately through simultaneous service by electronic mail upon Ms. VonKale and Defendants' counsel in this case;

2. with respect to Mr. Kuzmeski, that service of a Rule 45 subpoena with notice of deposition be deemed served sufficiently and appropriately through simultaneous service by electronic mail, regular and/or certified mail upon Mr. Kuzmeski and Defendants' counsel, in addition to the traditional means of by hand service of process or abode service;

3. with respect to Ms. Fielding and Mr. Griffin, that service of a Rule 45 Subpoena with notice of deposition be deemed served sufficiently and appropriately through simultaneous service by electronic mail upon Ms. Fielding, Mr. Griffin and Defendants' counsel in this case;

4. with respect to stenographic recording, that a Connecticut-based court reporter participate remotely through the Zoom audiovisual platform to administer the oath and thereafter conduct the stenographic record; further that in the notices to Deponents as set forth herein, Deponents be directed to furnish some form of

picture identification (*i.e.*, driver's license).  If, for any reason, any Deponent does not furnish photo identification at time of deposition, that a statement under oath by any party principal or officer to the stenographer confirming visual recognition of any of the Deponents (all of whom are personally known to party principals and/or officers) be sufficient for the administration of the oath;

5. with respect to the remote depositions of the Deponents, exhibits be pre-marked and circulated sufficiently in advance of the deposition, thereby allowing counsel for Defendants to prepare and circulate (also sufficiently in advance of Deponents' depositions) exhibits for cross-examination, also for rebuttal purposes;

6. that the stenographic record of Deponents be certified by the reporter, and circulated to all parties and the Deponents, allowing Deponents to review same and submit jurat corrections as is done in the ordinary course; and

7. that the Zoom platform function allowing recording of the proceedings be deemed a sufficient audiovisual record of the depositions, subject to the primacy of the stenographic record which will control, should an issue of discrepancy or distortion arise, if any.

### ARGUMENT IN SUPPORT

This Court's ability to order the remote protocols is well settled, as separately set forth in Plaintiff's motion to take Defendants' Chief Operating Officer.  [ECF Docket No. 101 at 6-7]. As stated by the Court in *Sloniger v. Deja,* 2010 WL 5343184 (W.D.N.Y. Dec. 20, 2010).

> Given that this deposition is to occur in Germany and the inherent travel and related expenses, an alternative method from live, in-person testimony for obtaining [deponent's] testimony is in order. A more cost effective manner may be to conduct it by video deposition where each

> party remains in place while Deja is linked by video conference to the other parties as he is examined.
> . . .
> While an expensive method, a video deposition here would be cheaper than flying plaintiff, all counsel, and a court reporter (as well as possible translators) to Germany. Under Federal Rule of Civil Procedure 30(b)(3)(A), "unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means," with the noticing party (here plaintiff) bearing the costs of recording. Rule 30(b)(4) allows (by Order or upon stipulation) for taking a deposition by telephone or other remote means, including by video conference. The decision to grant relief under Rule 30(b)(4) is within this Court's sound discretion.
> . . .
> This deposition shall be conducted within ninety (90) days of entry of this Order upon a date and time mutually convenient to all concerned. As discussed below, the Scheduling Orders for these cases shall be adjusted accordingly.

*Id.* at *10-11.  "Pursuant to Federal Rule of Civil Procedure 30(b)(4), '[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means.' FED. R. CIV. P. 30(b)(4).  Rule 30(b)(4) serves to allow parties to control costs*." Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016). *See Clinton v. Cal. Dep't of Corr.,* 2009 WL 210459, at *4 (E.D. Cal. Jan. 20, 2009) (citing Fed. R. Civ. P. 1); *see also Carrico v. Samsung Electronics Co., Ltd.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Courts in this district have found that remote videoconference depositions can be an effective and efficient means of reducing costs."); *Jahr v. IU Int'l Corp.,* 109 F.R.D. 429, 431 (M.D.N.C. 1986) (Rule 30's remote deposition rule has the purpose of "reducing the cost of federal litigation by providing alternatives to traditional stenographic depositions").

WHEREFORE, Plaintiff respectfully requests that the Motion For Leave to conduct Depositions Remotely, Stenographically And By Audiovisual Means be granted, according to proposed protocols or as otherwise deemed just and proper by the Court.

Respectfully submitted,

        PLAINTIFF
        TRADE LINKS, LLC

        By: /s/ Patrick J. McHugh
        Patrick J. McHugh (ct14072)
        MHR Lewis (US) LLC
        595 Summer Street
        Stamford, CT 06901
        Tel: (203) 244-0646
        pmchugh@mhr-lewis.com

CERTIFICATE OF SERVICE

I hereby certify that on this 13th of April 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          By:    /s/Patrick J. McHugh
                   Patrick J. McHugh