UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
TRADE LINKS, LLC                            :        3:19 CV 308 (KAD)
    *Plaintiff,*                              :
:
v.                                                      :
:
BI-QEM SA DE CV and BI-QEM, INC.,           :        DATE: MAY 6, 2020
    *Defendants.*                             :
:
---------------------------------------------------------x

ORDER ON MOTION TO CONDUCT DEPOSITIONS REMOTELY,
STENOGRAPHICALLY AND BY AUDIOVISUAL MEANS (DOC. NO. 108)

On April 16, 2020, the Court (Dooley, J) referred this case to the undersigned for a ruling on the pending Motion to Conduct Depositions Remotely, Stenographically and by Audiovisual Means. (Doc. No. 116). In the underlying motion, the plaintiff seeks leave to conduct four depositions by Zoom, which is the remote platform being utilized in the District of Connecticut to conduct legal matters safely and efficiently while avoiding in-person contact due to the dangers posed by the COVID-19 pandemic. (Doc. No. 109 at 1-2). The four deponents are Heidi VonKale, who is located in Massachusetts and is an employee of defendant Bi-Qem, Inc., William Kuzmeski, who is located in Massachusetts and is a former employee of Bi-Qem, Inc., Cynthia Fielding, who is located in Florida and is a non-party with knowledge, and Brian Griffin, who is located in Connecticut and is a non-party with knowledge. (Doc. No. 109 at 1-2). The defendants did not file a brief in opposition to the plaintiff's motion.

The plaintiff represents that the defendants have no objection to the proposed motion, provided that (1) the depositions are not scheduled until the ban on working in New York City has been lifted; (2) the dates will be calendared to accommodate the counsel for the parties, the witnesses and their counsel (if any); (3) the plaintiff consents to a two-month extension of

deadlines; and, (4) the exhibits are circulated in advance of the deposition only to counsel of record and not to the deponents or their counsel.  (Doc. No. 109 at 2).

The plaintiff does not agree with these conditions. The plaintiff does not agree to holding the scheduling of these depositions in abeyance "for a period that is unknown, but more important, unnecessary" given the availability of "remote means and the Zoom platform." (Doc. No. 109 at 2). As to the two-month extension, the plaintiff proposes a more limited extension of the discovery deadline to June 29, 2020. Regarding the circulation of the exhibits, the plaintiff "defers to the Court as to whether advance, pre-marked exhibit circulation should occur simultaneously or in staggered fashion (*i.e.*, first to counsel then to Deponents, including with respect to exhibits for cross-examination)." (Doc. No. 109 at 3).  The plaintiff acknowledges that accommodating non-party witness scheduling is a priority under the Federal Rules. (Doc. No. 109 at 2).

Pursuant to Federal Rule of Civil Procedure 30(b)(4), the "parties may stipulate--or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rule[ ] 28(a) . . ., the deposition takes place where the deponent answers the questions."  The party noticing the deposition shall state in the notice the method for recording the testimony.  FED. R. CIV. P. 30(b)(3)(A).  Under Federal Rule of Civil Procedure 30(c)(1), the examination of the deponent proceeds as it would at trial.  Under Federal Rule of Evidence 615, the parties have a right to sequestration of witnesses, but the court must not exclude "an officer or employee of a party . . . after being designated as the party's representative by its attorney." FED. R. EVID. 615.

In light of the current COVID-19 pandemic, utilization of remote platforms, including Zoom, is an efficient means of securing "the just, speedy and inexpensive determination" of pending actions. FED. R. CIV. P. 1.  The Court, therefore, grants the plaintiff's unopposed motion

2

to conduct these depositions remotely, steongraphically, and by audiovisual means. The depositions shall be held through a remote platform that does not require the deponents to leave their homes, and the dates will accommodate counsel for the parties, witnesses, and their counsel (if any). *See* Doc. No. 112 at 1 (order by the Court (Dooley, J.) for Trade Links to depose defendants' CEO, who resides in Switzerland, by remote means); Doc. No. 118 at 3 (order by the Court in *Bracia v. Trade Links, LLC et al*, No. 20 mc 93001 (MGM) (D. Mass. April 20, 2020) for Trade Links to depose a witness, who resides in Italy, by remote means).

On April 14, 2020, the Court extended the discovery deadline in this case to July 29, 2020. (Doc. No. 114). Accordingly, the parties' dispute over the length of the extension of discovery is moot.

Lastly, the Court orders that the deposition exhibits should be pre-marked and circulated in advance to counsel and the deponents 48 hours before the deposition commences. This does not apply to exhibits used solely to refresh recollection or solely for impeachment purposes.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 6th day of May, 2020.

          /s/ Robert M. Spector, USMJ
          Robert M. Spector
          United States Magistrate Judge