**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TRADE LINKS, LLC, | ) | CASE NO. 3:19-CV-00308 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BI-QEM SA DE CV and BI-QEM, INC., | ) | MARCH 7, 2023 |
| *Defendants*. | ) | |

**ORDER DENYING [265] DEFENDANTS' MOTION TO AMEND/CORRECT**
**JUDGMENT**

Defendants seek an order pursuant to Federal Rule of Civil Procedure 59(e) amending the judgment entered on June 13, 2022 to allocate the damages awarded by the jury between the two Defendants. Defendants request that Bi-Qem, Inc. be apportioned 25% of the damages award and that Bi-Qem SA de CV be apportioned 75% of the damages award.

As an initial matter, Defendants cite no authority and conceded at oral argument that they have located no authority suggesting that the Court may amend the judgment as requested under the circumstances presented here. Nor has the Court located any such authority. "A court may grant a Rule 59(e) motion [to amend the judgment] only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020) (cleaned up). A Rule 59(e) motion "may not be used to relitigate old matters, or to *raise arguments* or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (emphasis added). Defendants argue that they cannot be held jointly and severally liable for Plaintiff's lost profits because Plaintiff's claims "sound in contract and not tort," and "[t]here is no basis upon which to hold one Defendant liable for the other Defendant's sales." *See* Defs.' Mem. in Supp. at 1, ECF

No. 265-3. However, Defendants never advanced these arguments prior to filing the instant motion, and certainly not before the case was submitted to the jury. As such, Defendants may not advance these arguments for the first time on a Rule 59(e) motion to amend. *See, e.g., Lett v. Int'l Ass'n of Sheet Metal, Air, Rail, and Transp. Workers, Local 1594*, No. CV 19-3170-KSM, 2023 WL 2163827, at *4 (E.D. Pa. Feb. 22, 2023) (finding that the defendant could not properly seek apportionment on a Rule 59(e) motion because the defendant failed to raise the argument at any prior time in the litigation).

In a similar vein, Defendants waived their right to challenge the imposition of joint and several liability. The Court provided the parties with a copy of the draft Verdict Form prior to the close of trial and afforded the parties ample opportunity to comment upon or object to the Verdict Form. Defendants neither objected to the form as written on the basis now advanced or otherwise demanded that any award of damages be separately determined as against each Defendant. *See* June 3, 2022 Trial Tr. at 1473:9–1485:20, ECF No. 291; *see also Foley v. Metro-N. Commuter R.R.*, No. 88 CIV. 7246 (CBM), 1992 WL 6258, at *1 (S.D.N.Y. Jan. 9, 1992) ("Where a party fails to object to omissions in the court's interrogatories before the jury retires, the party's right to challenge the interrogatories is waived." (citing *Croce v. Kurnit*, 737 F.2d 229, 234 (2d Cir. 1984))); *Jackson v. Tellado*, 295 F. Supp. 3d 164, 184–85 (E.D.N.Y. 2018) (finding that the defendants waived any argument that the verdict form, which did not apportion damages between claims and defendants, was defective because the defendants failed to object to the form). Although Defendants submitted a proposed verdict form that called for separate damage awards for each Defendant, this submission did not preserve Defendants' argument because Defendants failed to *object* to the Court's proposed Verdict Form. *See Caruso v. Forslund*, 47 F.3d 27, 30–31 (2d Cir. 1995) (holding that, despite the plaintiff's submission of proposed instructions that included a

punitive damages instruction, the plaintiff waived any argument that she was entitled to punitive damages because she failed to object to the jury charge as given by the court); *Rucks v. City of New York*, 96 F. Supp. 3d 138, 151 n.5 (S.D.N.Y. 2015) ("[A]lthough Defendants did submit a proposed interrogatory with such a question, they did not object to the Court's proposed list of interrogatories on these grounds, thus waiving the argument as to the interrogatories." (internal citation omitted)).

Accordingly, Defendants' Motion to Amend/Correct Judgment, ECF No. 265, is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of March 2023.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE