UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRADE LINKS, LLC,<br>    *Plaintiff*, | )   CASE NO. 3:19-CV-00308 (KAD)<br>)<br>) |
| v. | )<br>) |
| BI-QEM SA de CV and BI-QEM, INC.,<br>    *Defendants*. | )   October 23, 2025<br>) |

MEMORANDUM OF DECISION
RE: MOTION FOR ATTORNEYS' FEES (ECF NO. 349)

Kari A. Dooley, United States District Judge:

Pending before the Court is Plaintiff Trade Links, LLC's ("Plaintiff" or "Plaintiff-Appellee") motion for attorneys' fees in the amount of $71,050.00, incurred in connection with defending against the unsuccessful appeal by the Defendants, Bi-Qem SA de CV and Bi-Qem, Inc. (together, "Defendants" or "Defendants-Appellants"). Defendants challenge the amount of the award sought and seek reductions for certain specified charges. For the reasons that follow, the motion is granted, and Plaintiff is awarded $71,050.00 in attorneys' fees and costs.

**Facts and Procedural History**

For purposes of the instant motion, the Court assumes the parties' familiarity with the underlying facts and procedural history of this case, as summarized in the Court's Order of January 18, 2024, granting in part Plaintiff's first motion for attorneys' fees and costs. *See* Order, ECF No. 335; *Trade Links, LLC v. Bi-QEM SA de CV ("Trade Links II")*, No. 3:19-CV-308 (KAD), 2024 WL 198024 (D. Conn. Jan. 18, 2024). The Court includes only those allegations germane to the instant motion.

On March 3, 2019, Plaintiff commenced this action against Defendants. Over the course of the litigation leading up to trial, Plaintiff asserted or attempted to assert twelve separate causes

1

of action arising out of the breakdown in the parties' business relationship. *Trade Links II*, 2024 WL 198024, at *1. Some of these claims were disallowed; some were dismissed by the Court; and others were withdrawn voluntarily by Plaintiff. By the time the case was submitted to the jury, only four claims remained: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) CUTPA; and (4) Chapter 93A. The jury returned a verdict in favor of Plaintiff on the first two claims, and in favor of Defendants on the latter two. *Id.* Judgment accordingly entered in favor of Plaintiff on June 13, 2022, awarding Plaintiff $965,000 in damages. ECF No. 261.

After the trial, Defendants filed a timely Rule 50(b) motion on July 11, 2022, ECF No. 274, on which the Court heard oral arguments on February 27, 2023. ECF No. 305. At the end of arguments, the Court denied the motion orally, after which it entered a minute entry denying Defendants' Rule 50(b) motion "for the reasons stated on the record." ECF No. 305. Both parties also moved for attorneys' fees and costs. The Court denied Defendants' request and simultaneously ruled that Plaintiff was entitled to recover fees under the parties' governing contract, the Sales Representative Agreement ("SRA"). *See* Order, ECF No. 309; *Trade Links, LLC v. Bi-QEM SA de CV ("Trade Links I")*, No. 3:19-CV-308 (KAD), 2023 WL 2388703, at *9 (D. Conn. Mar. 27, 2023). After supplemental briefing on the issue of the amount of fees, on January 18, 2024, the Court granted Plaintiff's renewed motion for attorneys' fees in part, awarding it $717,303.27 in attorneys' fees and $63,541.02 in costs, for a total of $774,844.29. *Trade Links II*, 2024 WL 198024, at *5.

On February 16, 2024, Defendants filed a notice of appeal as to both the order awarding attorneys' fees and the Court's denial of their Rule 50(b) motion. ECF No. 339. Defendants moved to stay execution of the judgment pending the appeal, upon the posting of a supersedeas

bond in the amount of the judgment of $1,740.844.29. ECF No. 338. Plaintiff did not oppose the stay, but objected to the amount of the bond, instead seeking a larger amount which included an allowance for anticipated post-judgment interest and appellate attorneys' fees. ECF No. 344. The Court rejected Plaintiff's request and granted the motion for bond, setting the supersedeas bond in the amount of $1,740,844.29. ECF No. 345.

The appeal was docketed in the Second Circuit at Case No. 24-418. On April 22, 2024, Plaintiff-Appellee filed a motion to dismiss on the grounds that the appeal was untimely. The parties fully briefed that motion, after which the Second Circuit held oral argument on April 23, 2025. The Second Circuit issued a summary order on May 15, 2025, dismissing Defendants-Appellants' appeal of both the judgment of June 12, 2022, and this Court's order on the Rule 50(b) motion of February 27, 2023, as untimely, but affirming this Court's order of March 27, 2023, awarding attorneys' fees. *Trade Links, LLC v. Bi-QEM SA de CV ("Trade Links III")*, No. 24-418, 2025 WL 1416759, at *1 (2d Cir. May 15, 2025) (summary order).[1] In the summary order, the Second Circuit addressed the untimeliness argument in Plaintiff-Appellee's motion to dismiss, and ultimately sided with the Plaintiff-Appellee, finding that the appeals of the substantive judgments were untimely and that therefore the court lacked jurisdiction to entertain the appeal. *Id.* at *2. The Second Circuit also affirmed this Court's order finding that Plaintiff was entitled to attorneys' fees under the SRA. *Id.* at *3–4. In a separate order on the same day, the Second Circuit then denied Plaintiff-Appellee's motion to dismiss the appeal as moot, in light of the summary order. *Trade Links, LLC v. Bi-QEM SA de CV*, No. 24-418 (2d Cir.), at Dkt. Entry 49.

---

[1] As the Second Circuit noted in its decision, in their notice of appeal, Defendants-Appellants also challenged this Court's order of January 18, 2024, awarding Plaintiff attorney's fees in the amount of $775,844.29. *Trade Links III*, 2025 WL 1416759, at *1 n.1. However, on appeal, Defendants-Appellants "ma[de] no argument about the quantum of the award," and thus, the Second Circuit found "any such challenge abandoned." *Id.*

The mandate from the Second Circuit issued on July 16, 2025. ECF No. 359. On May 28, 2025, Plaintiff filed the present motion for attorney's fees incurred while successfully defending the appeal. Mot. for Attys' Fees, ECF No. 349. Plaintiff again seeks an award of fees under Section 7(b) of the SRA, asserting that this provision properly covers fees incurred on appeal. Mem. of Law, ECF No. 350, at 1–4; *see also Total Recycling Servs. of Conn., Inc. v. Conn. Oil Recycling Servs., LLC*, 308 Conn. 312, 337 (2013). Defendants do not dispute that Plaintiff is entitled to appellate fees under the SRA, but they raise challenges to the amount of fees that Plaintiff seeks. *See* Opp'n, ECF No. 355. On October 14, 2025, the Court held oral argument on the motion for attorneys' fees and motion for post-judgment interest, which was resolved in a separate order, *see* ECF Nos. 369, 370.

**Standard of Review**

"In diversity cases, attorney's fees are considered substantive and are controlled by state law." *U.S. v. One Parcel of Prop. Located at 414 Kings Highway*, No. 5:91-CV-158 (EBB), 1999 WL 301704, at *4 (D. Conn. May 11, 1999) (citations omitted). "Where a contract provides for the payment of attorney's fees . . . those fees are recoverable solely as a contract right. . . . Therefore, the language of the [contract] governs the award of fees."[2] *Watson Real Est., LLC v. Woodland Ridge, LLC*, 208 Conn. App. 115, 125 (2021). Recovery is therefore permissible so long as the request for fees "is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the court's own expert judgment." *Id.*

---

[2] As stated, the Court has already determined that the Plaintiff is entitled to an award of attorneys' fees under the language of the applicable contract—the Sales Representative Agreement—and Defendants do not seek to relitigate the issue or dispute that entitlement.

Several factors govern a court's determination of an appropriate award of attorneys' fees. These factors, summarized in Rule 1.5(a) of the Connecticut Rules of Professional Conduct, include: "[T]he time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client; the experience, reputation and ability of the lawyer or lawyers performing the services, and whether the fee is fixed or contingent." *WiFiLand, LLP v. Hudson*, 153 Conn. App. 87, 103 (2014). Additionally, courts "may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees." *Total Recycling Servs. of Ct., Inc.*, 308 Conn. at 327 (2013) (internal citations and quotations omitted). When calculating a reasonable attorneys' fee, courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). However, "a party may recover attorney's fees for unsuccessful claims, but those claims must be inextricably intertwined and involve a common basis in fact or legal theory with the successful claims." *Francini v. Riggione*, 193 Conn. App. 321, 336 (2019).

**Discussion**

Plaintiff seeks a total of $71,050.00 in attorneys' fees incurred on appeal, consisting of $34,930.00 on behalf of Attorney Keith Minoff from the Law Offices of Keith A. Minoff, P.C., and $36,120.00 on behalf of Attorney Patrick McHugh from Patrick McHugh Law LLC. The Court has previously held that the billing rates for Attorneys Minoff and McHugh are reasonable and sees no reason to revisit that conclusion, nor has it been asked to do so. And an examination of the billing records submitted reveals that the time spent was generally appropriate in terms of tasks and time spent on appeal.

Defendants object to only three portions of Plaintiff's request: (1) fees incurred for Plaintiff's unsuccessful opposition to Defendants' motion to stay execution of the appeal bond (totaling $8,250.00); (2) fees incurred for Plaintiff-Appellee's motion to dismiss the appeal, which was dismissed by the Second Circuit as moot (totaling $13,800.00); and (3) fees incurred for Attorney McHugh to prepare for and attend oral argument, when he did not directly participate in the argument (totaling $4,480.00). Opp'n at 8–10.[3] The Court is not persuaded that any of these charged fees should be carved out of the award.

First, Plaintiff's opposition to the amount of the supersedeas bond, although it was unsuccessful, is properly compensable. A party may recover attorneys' fees for unsuccessful claims, as well as for "failed efforts otherwise reasonably pursued." *Tambriz v. Taste and Sabor LLC*, 577 F. Supp. 3d 314, 334 (S.D.N.Y. 2021) (collecting cases). Indeed, "there is no rule that [p]laintiffs need achieve total victory on every motion in pursuit of a successful claim in order to be compensated for the full number of hours spent litigating that claim." *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 23 (2d Cir. 2015) (summary order). It was certainly reasonable for Plaintiff to seek a higher bond in order to protect its interests, especially considering that the Court has discretion over the proper amount for a supersedeas bond. *See* 12 Moore's Federal Practice § 62.03(1) ("As for the proper amount of the bond, this is generally within the court's discretion,

---

[3] In their briefs, Defendants also argue that the Court does not have jurisdiction to adjudicate the motion because, at the time of filing the motion, the mandate had not yet issued, and the Second Circuit had not ruled upon Plaintiff-Appellee's identical motion at the Circuit or on Defendants-Appellants' petition for rehearing *en banc*. *See* Opp'n at 1–2, 8. All of these arguments are now moot. The Second Circuit's mandate issued in this case on July 16, 2025. ECF No. 359. And on July 22, 2025, the Second Circuit denied Plaintiff-Appellee's motion for fees and post-judgment interest "without prejudice to the district court's consideration of the requests on remand." *Trade Links, LLC v. Bi-QEM SA de CV*, No. 24-418 (2d Cir.), at Dkt. Entry 71. Lastly, Defendants-Appellants' appellate remedies have been fully exhausted since the filing of the present motion: the Second Circuit denied their petition for rehearing *en banc*, *id.* at Dkt. Entry 66, and the U.S. Supreme Court denied their petition for certiorari, *id.* at Dkt. Entry 73. Thus, the Court clearly has jurisdiction to adjudicate Plaintiff's motion for attorneys' fees.

although in the absence of a specific local rule on the topic, the court will generally require that a supersedeas bond be at least for the full amount of the judgment.").

Second, fees incurred preparing Plaintiff-Appellee's motion to dismiss on appeal are also properly compensable. Although part of the motion to dismiss was premised on the argument that the appeal of the merits judgment was untimely because a pending motion for an award of attorneys' fees does not toll the time to appeal, tolling was not the ground relied upon by Defendants-Appellants in arguing that the appeal *was* timely. Opp'n at 9. Instead, they argued that the minute entry entered after the hearing on the Rule 50(b) motions did not constitute a final order for the purposes of appeal. In its motion to dismiss, Plaintiff-Appellee also argued that the appeal period began to run when the Court granted the motion for attorneys' fees (on March 27, 2023), but before it had quantified that award (on January 18, 2024). This latter argument was withdrawn on appeal in Plaintiff-Appellee's reply to Defendants-Appellants' opposition. *Id.* Defendants thus argue that fees for the time spent preparing this motion should not be awarded. The Court disagrees. For one, assuming without deciding that Plaintiff-Appellee's time spent in crafting the subsequently withdrawn arguments should not be compensable, that certainly would not disqualify the time spent in preparing the rest of the motion, which was ultimately successful. Although the motion to dismiss was technically denied as moot, the Second Circuit took up the timeliness arguments raised in Plaintiff-Appellee's motion to dismiss in its summary order, and indeed, it *agreed* with Plaintiff-Appellee that the appeal was not timely filed following the Court's adjudication of the Rule 50(b) motion, and it dismissed the appeal on those grounds. *Trade Links III*, 2025 WL 1416759, at *1–3 (dismissing appeal of this Court's ruling on Defendants' Rule 50(b) motion "[b]ecause BI-QEM filed its notice of appeal more than 30 days after entry of the district court's denial"). Moreover, even if Defendants-Appellants did not raise a tolling argument

on appeal (thus rendering Plaintiff-Appellee's time spent crafting that argument unnecessary), there was no way for Plaintiff-Appellee to have known the basis upon which Defendants-Appellants would assert that the appeal was, in fact, timely. As the Court noted during oral argument, it was more than reasonable for counsel to anticipate that Defendants-Appellants might assert that the pending motion for attorneys' fees would serve to toll the time period by which an appeal was required to be taken. *See Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 1:22-CV-8842, 2024 WL 2853618, at *5 (S.D.N.Y. June 4, 2024) ("[U]nsuccessful legal efforts are compensable as long as they are not frivolous." (quotations omitted)).

Lastly, Defendants object to Attorney McHugh seeking $4,480.00 in fees to prepare for and attend oral argument at the Second Circuit, even though Attorney Minoff argued the appeal. Opp'n at 10. Attorney McHugh's billing records show that he assisted in preparing materials for oral argument, helped plan and moot the argument, and attended the actual argument and conferred with their client afterwards. McHugh Aff., ECF No. 351, at 21. Even though it was Attorney Minoff who argued the case, it is completely reasonable for co-counsel to assist in the preparation for oral argument. Indeed, throughout this litigation Attorneys McHugh and Minoff worked collaboratively, each, no doubt to the benefit of the other. And as Attorney Minoff confirmed at oral argument, Attorney McHugh was an indispensable component of the preparation for oral argument. Finally, it is worth observing that Attorney McHugh only billed a total of 11.2 hours for his oral argument preparation, *see id.*, which is a far cry from the preparation time that other courts in this circuit have found to be unreasonable. *See, e.g.*, *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 35 (N.D.N.Y. 2015) (noting that courts have found amounts of billed time above 30 hours preparing for oral argument to be excessive). Thus, it was appropriate for Attorney McHugh to prepare for, moot, and attend the oral argument, even though he was not the attorney who made

the argument. *See Meriwether v. Coughlin*, 727 F. Supp. 823, 828 (S.D.N.Y. 1989) ("That all attorneys would need to familiarize themselves with all the aspects of the case and consequently attend proceedings in which they did not play an active role is understandable and often a necessity.").

The Court thus finds that all of Plaintiff's fee requests are reasonable and none of their submitted hours are duplicative, excessive, or impermissibly vague.

**Conclusion**

For the foregoing reasons, Plaintiff is awarded attorneys' fees in the amount of $71,050.00, which shall be paid to Plaintiff's counsel within 60 days of this Order. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of October, 2025.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE